UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY

    Plaintiff

Vs.

KFC U. S. Properties, Inc.

    Defendant

Civil Action No. 1:05-cv-01003

Hon. Rosemary M. Collyer

## PLAINTIFF'S MOTION TO EXERCISE HIS CONSTITUTIONAL RIGHT TO EQUITABLE RELIEF IN A COURT OF COMPETENT JURISDICTION

COMES NOW Rev. Earnest Lee Hobley, Plaintiff pro se in the above captioned matter and in support of this motion states as follows:

The general and specific intent in these matters are clear and apparent, criminal in nature and cannot be construed in any reasonable or equitable manner as having any legal nexus to Plaintiff Rev. Hobley's employment with the company. Without such legal nexus there is no valid basis for KFC's vexatious and frivolous demand for employee arbitration for a non-employee.

## INTRODUCTION

Rev. Hobley was employed by KFC beginning June 6, 2001 and remained employed with the company until February 8, 2003. On April 1, 2003, an arrest warent was issued due to information supplied by KFC, falsely alleging theft of company funds. Rev. Hobley was subsequently arrested at his home on July 13, 2003 due to the false complaint entirely initiated and carried out by a KFC general manager, Olu Adepegba. In his complaint, Mr. Adepegba falsely claimed that Rev. Hobley stole funds from the company and converted them for his own personal use. The D. C. Superior Court subsequently found that there was no cause or basis for the false allegation and charge of theft filed against Rev. Hobley. The Court ruled that the charges were in fact not true and dismissed those charges. The Court further found that Rev. Hobley's main accuser, Mr. Adepegba himself could have been guilty of stealing the funds.

RECEIVED

OCT 17 2005

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF FACTUAL BACKGROUND

KFC falsely alleges that "Plaintiff and KFC had agreed to submit disputes between them to arbitration rather than litigation." This argument is in itself preposterous for the simple fact that KFC initially chose to litigate whast they are now claiming as a "dispute between the parties" relating to his employment with the company. If KFC honestly thought of this matter as an employee-related dispute, subject to a binding arbitration, why did they take this matter to Court? This entire matter was brought to the attention of the Court by KFC. Having failed miserably in their attempt to prosecute the plaintiff--in aCourt of law--they now calim that the whole matter is a dispute or issue that must be decided through arbitration. If, argue do that was in fact so, their argument would still fail, because there simply is no dispute to arbitrate. The Plaintiff has no dispute regarding his wages; he has received his full pay. The plaintiff has no dispute regarding the terms or conditions of his former employment with KFC, and has **never** made such claims. The Plaintiff's entire issue relates to his being arrested and charged with a crime that he did not commit, based upon false and fraudulent information provided by KFC's general manager, Mr. Olu Adepegba. The Plaintiff's non-involvement was well known to KFC and is still well known to KFC.

## ARGUMENT

### 1. KFC BREACHED ANY AGREEMENT THAT THE PARTIES MAY HAVE HAD

KFC failed to adhere to the plain language of their own "**Agreement to Arbitrate**" clause, namely, "KFC and I agree to use confidential binding arbitration for any claim that arises between me and KFC. KFC further violated the condition to (1) present claims in full written detail to the KFC Human Resource depart (ii) pursue to completion and KFC internal review proces; and (iii) **to pursue to completion** any external administrative remedy (such as with the Equal Opportunity Commission. (Emphasis added).

Further, under the heading "**KFC Restaurant Cash and Security Guidelines**, of the alleged Arbitration Agreement it is again clearly stated that a "breach of the KFC Restaurant Cash and Security Guidelines may result in corretive action **up to and including termination of employment".** (Emphasis added)

Again, KFC completely, clearly and absolutely breached their own alleged Arbitration Agreement, by exceeding the **Up To Termination,** limit by charging Plaintiff with a criminal felony in the District of Columbia Superior Court.

### 2. THERE IS NO EMPLOYMENT ISSUE TO ARBITRATE

The plaintiff has no dispute regarding the terms or conditions of his former employment with KFC. The plaintiff has no dispute regarding his wages; he has received his full pay. The plaintiff's entire issue relates to his being arrested and charged with a crime that he

did not commit, based upon the false and fraudent information provided by KFC, in which he was found innocent. KFC's attempts to mislead the Court by putting forth an argument based upon an arbitration agreement in order to cover up the true reason for the Plaintiff's suit. KFC is guilty of criminal fraud deliberte misrepresentation to the Court in an attempt to frame the Plaintiff, Rev. Earnest Lee Hobley. Moreover, if KFC felt that the matter was an employment matter, why did they not implement arbitration as opposed to taking legal action in the very Court that they now claim should not be involved? The Plaintiff was not given any opportunity to arbitrate, had he chosen to do so. The Plaintiff, Rev. Hobley, by reason of law could not and cannot arbitrate with KFC his arrest on criminal charges that were brought against him in the criminal division of the Superior Court of the District of Columbia, based upon the false complaint of KFC general manager, Mr. Olu Adepegba.

## SUMMARY

The Plaintiff, Rev. Hobley was in fact arrested, charged, tried, asnd found innocent of the fraudulent charges brought against him by KFC general manager, Mr. Adepegba, charges that KFC knew to be false. Nevertheless, during all of the prosecution attempts of KFC, the matter of **Arbitration**, that KFC is now so avid in pursuing was not offered, discussed, or pursued in any manner. How then can the Court now find that the Plaintiff is bound by arbitration in resolving this matter? How or why is the Plaintiff not entitled, by rule of law and as a matter of equity to pursue the same forum for relief that was afforded to KFC? the rule of the Court is, in respectful opinion of the Plaintiff, a clear example of discriminatory animus. The Plaintiff is forced to concede to terms and conditions that his opponent is free to ignore.

In this instant matter, it is simply a case of one party to an allegd agreement must adhere to each and every aspect, whether any such aspect is stated or not; and the other party to the agreement may ignor each and every aspect of the alleged agreement as they see fit.

The Courts to date have been exceedingly and erroneously in favor of a corporate giant and their interests vis a vis the due process rights of a disadvantaged private party. Due Process of the Law expands with jurisprudential attitude and obligation for fundamental fairness. The current ruling of the Court does not support this concept.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Rev. Earnest Hobley respectfully requests this Court to dismiss KFC's arbitration agreement claim and Grant the Plaintiff, Rev. Earnest Hobley the right to exercise his Constitutional rights for equitable relief in a Court of Competent Jurisdiction.

Respectfully submitted,

*Pro se* Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D. C. 20011
(301) 442-3780

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO EXERCISE HIS CONSTITUTIONAL RIGHTS OF EQUITABLE RELIEF IN A COURT OF COMPETENT JURISDICTION** was mailed on October 20, 2005 to the following:

Attorney Eric J. Pelton

280 North Old Woodward Avenue, Suite 400

Birmingham, Michigan 48009-5394

Rev. Earnest Lee Hobley